## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JUSTIN CEPULL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE NO.: ~~1:16-CV-00886-SCJ~~ |
| SPALDING COUNTY, SPALDING | ) |
| COUNTY BOARD OF | ) 3:16-cv-86-TCB |
| COMMISSIONERS: | ) |
| RITA JOHNSON, Chairman, BART | ) |
| MILLER, Vice Chairman, RAYMOND | ) |
| RAY, DONALD F. HAWBAKER, GWEN | ) |
| FLOWERS-TAYLOR, Members; | ) |
| JIMMY SIKES, Warden WENDELL | ) |
| BEAM, Spalding County | ) |
| Sheriff;  JAMES "JIMMY" HARDY, | ) |
| Public Works Officer for Spalding County | ) |
| BOC,  KEVIN KING, Spalding County | ) |
| Officer; JOHN DOES 1-10, and | ) |
| XYZ CORPORATIONS 1-10. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## AMENDED COMPLAINT FOR DAMAGES AND
## DEMAND FOR TRIAL BY JURY

**COMES NOW,** Plaintiff JUSTIN CEPULL by undersigned counsel, and

pursuant to FRCP 15(a)(b) files this, his First Amended Complaint against the

Defendants as a matter of right. This amendment reflects the sole counts and

parties and strikes by omission any counts or parties previously alleged in his original filed Complaint as follows:

## JURISDICTION AND VENUE

1.

This suit is brought under the Eighth and Fourteenth Amendments to the United States Constitution as enforced through 42 U.S.C. § 1983, and under O.C.G.A. § 9-2-20 and various provisions of O.C.G.A. §§ 42-4-4 and 42-5-2. The Court has jurisdiction over plaintiffs' federal constitutional claims pursuant to 28 U.S.C. §§ 1331 and 1343(a) and over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 (a).

2.

Venue is proper in the Northern District of Georgia and the County of Spalding under 28 U.S.C. § 1391 (a) and (b).

## PARTIES

3.

Plaintiff JUSTIN CEPULL (hereinafter "Mr. Cepull") is a resident of Georgia and subjects himself to the jurisdiction of this court.

4.

Defendant Spalding County, Georgia ("the County"), is the governmental unit responsible under state law for properly maintaining, operating, and funding the Jail. O.C.G.A. § 45-5-2. As such, the County has a duty to provide medical care to inmates in the care and custody of the Jail.

5.

The Spalding County Commission and its members: Gwen Flowers-Taylor, Raymond Ray, Rita Johnson, Bart Miller, Donald Hawbaker (hereinafter "the commission"), exercise authority under Georgia law over the Jail and are obligated to properly maintain and fund the Jail. O.C.G.A. § 42-5-2. The Commission possesses the power to levy taxes, initiate bond issues, and otherwise raise revenues and appropriate funds for the medical treatment of inmates under the control and custody of the Spalding County Sheriff's Department. Article IX, Georgia Constitution. The Spalding County Board of Commission selected, approved and employs James Hardy and Kevin King as employees.

6.

Defendant Wendell Beam ("Sheriff Beam") was at all relevant times Sheriff of Spalding County and as such was responsible for the management of the

Spalding County Sheriff's Department including responsibility for the safety, care health and welfare of inmates at the Spalding County Correctional Facility.

7.

Defendant Warden Jimmy Sikes ("Warden") was at all relevant times Warden of the Spalding County Correctional Institution and as such was responsible for the management of the Spalding County Correctional Institution including responsibility for the safety, care health and welfare of inmates at the Spalding County Correctional Institution.

8.

Defendants James "Jimmy" Hardy and Kevin King are employees of Spalding County specifically working for or in conjunction with the Spalding County Correctional Institution and as such are responsible for the safety and treatment of inmates at the Spalding County Correctional Institution.

9.

Defendants John Does 1-10 were at all times relevant hereto employees, agents and/or contracted persons of Spalding County and were involved in conduct that violated established policies, and whether by omission or commission, refused emergency care and adequate and timely response which aided in personal injury to Mr. Cepull and violated his civil rights. More specifically, these Defendants are

any and all persons who refused Mr. Cepull medical treatment, failed to allow Mr. Cepull to attend the health care facility located at Spalding County Correctional Institution or in any other way impeded or hindered Mr. Cepull's ability to obtain adequate medical treatment. These Defendants may be served by delivering a copy of the complaint and summons to them at their place of employment.

10.

Defendants, Unknown and Unnamed Employees, Contractors, and Agents of, SPALDING COUNTY, GEORGIA whose identities are currently unknown to Plaintiff and could not be reasonably discovered prior to the filing of this Complaint, but whose identities Plaintiff expect will become known through discovery. More specifically, these defendants are any and all entities who refused Mr. Cepull medical treatment, failed to allow Mr. Cepull to attend the health care facility located at Spalding County Correctional Institution or in any other way impeded or hindered Mr. Cepull's ability to obtain adequate medical treatment. Plaintiff will seek to further amend this Complaint to allege said Defendants true names and capacities when that information becomes known through discovery. Plaintiff is informed, believe and thereon allege that these Unknown and Unnamed Defendants are also legally responsible and liable for the incidents, injuries and damages hereinafter set forth, and that each of side Defendants proximately caused

the injuries and damages by reason of negligence, careless, deliberately indifferent, intentional, willful, or wanton misconduct, creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or impugned negligence or vicarious fault or breach of duty arising out of matter herein alleged.

11.

Defendants John Does 1-10 and XYZ Corporations 1-10 are either natural persons or business associations whose proper legal names are not known at this time. Said Defendants are believed and alleged to be at fault for the acts which forms the basis of this action. Plaintiff reserves his right to substitute parties in his Complaint to reflect the proper legal name of said Defendants at such time as the same may become known to them.

12.

Defendants are sued in their official capacities. They have all acted under color of law.

## APPLICABLE STATUTORY, POLICY AND LEGAL DUTIES OF DEFENDANTS

13.

Sheriff Beam, while acting in his capacity Sheriff of SPALDING COUNTY, is an elected, constitutional officer of SPALDING COUNTY, is subject to the

charge of the General Assembly of the State of Georgia, and is not an employee of the County Commission. The Sheriff is also charged with record keeping responsibilities over those in Spalding County Jail.

14.

O.C.G.A. § 48-5-22 provides that county taxes may be levied and collected for public purposes, including paying for the maintenance and support of inmates and if Sheriff fails to comply with this Code Section, he may be fined for contempt and is subject to removal from his constitutional office.

15.

O.C.G.A. § 36-9-8  provides that courthouses, jails, public grounds, and other property are placed in the keeping of the Sheriff of the County, subject to the order of the county governing authority, and it is his duty to preserve them from injury or waste and to prevent intrusions upon them.

16.

O.C.G.A. § 42-4-4 provides that the Sheriff has a duty to furnish persons confined in the jail with medical aid.

17.

At all times relevant, any and all Defendants owed Mr. Cepull a duty pursuant to  O.C.G.A. §§ 42-5-1 and 42-5-2 and case law. Defendants are obligated to provide

inmates with access to medical care and treatment while they are in Spalding County Jail, and refusing to do so is a violation of inmates' civil rights.

## FACTUAL ALLEGATIONS

18.

Each and every paragraph set forth above is adopted and incorporated by reference herein.

19.

On or around May 2, 2014, Mr. Cepull was an inmate at Spalding County Corrections Institution.

20.

On or around May 2, 2014, Mr. Cepull was in route to "grass detail", on a bus with other inmates.

21.

The bus transporting Mr. Cepull had at least two Spalding County Officers on board at the time. One officer was responsible for operating the bus (Defendant Kevin King), while the other monitored the inmates (Defendant James "Jimmy" Hardy).

22.

While operating the bus, Defendant King drove over a snake stopping and instructing passenger inmate Travis Morris[1] that he "had one for him".

23.

Inmate Morris was then directed and/or permitted by Officer Hardy to exit the bus and collect the dead snake.

24.

Officer Hardy then instructed that Mr. Morris carry the snake (possibly dead or alive) on the bus. Reacting from fear and with anticipation of great harm by the snake, Mr. Cepull frantically departed from the bus.

25.

In furtherance of abusing Mr. Cepull, Mr. Hardy ordered and/or allowed the inmate to place the snake (dead or alive) in the seat of Mr. Cepull with the intent to further scare him and provoke unnecessary and unreasonable harm to Mr. Cepull.

---

[1] It is believed from logs received from open records produced, that witness inmate's name may in fact be Stephen Scott Morris.

26.

Defendant Hardy then instructed Mr. Cepull back on the bus. Mr. Cepull, was unaware that the snake was in his seat.

27.

Defendant King, carelessly began to operate the bus carrying inmates prior to ensuring all inmates specifically, Mr. Cepull was safely seated.

28.

Immediately upon sight of the snake in his seat, Mr. Cepull again became frantic with fear and with anticipation of great harm by the snake, began to slowly back away. Mr. Hardy allowed the snake to be tossed at Mr. Cepull inciting panic and fear for his life at which point Mr. Cepull again tried to flee the bus; however, by this time the bus had resumed moving and Mr. Cepull lost his balance, tripped and fell backwards down the stairs and off the bus while the bus was moving.

29.

Mr. Cepull suffers from ophidiophobia, otherwise known as the fear of snakes. As this was not Mr. Cepull's first time on grass detail nor their first encounter with a snake while on detail, the present officers and other inmates all knew that Mr. Cepull was extremely fearful of snakes.

30.

Mr. Cepull was injured from the above described fall and requested medical attention but was denied. Instead, he was instructed to finish the "grass" detail.

31.

On May 2, 2015 and days following, Mr. Cepull repeatedly requested medical attention for his injuries and was denied an opportunity to see any healthcare provider.

32.

Mr. Cepull was not afforded any medical treatment until approximately twenty-four (24) hours or more after sustaining his injuries.

33.

Defendants showed a blatant disregard for Mr. Cepull's health and welfare, they were careless in their duties in both monitoring inmates and providing access to reasonable healthcare needed by Mr. Cepull after causing his injuries.

34.

As a result of the Defendants acts and/or omission to act Mr. Cepull sustained serious injuries.

35.

After Mr. Cepull was injured by the Defendants he not provided access to adequate medical attention and treatment for his injuries.

36.

At no time during his incarceration with Spalding County Correctional Facility did Mr. Cepull receive adequate health care for his injuries caused by the Defendants.

## COUNT 1

## VIOLATION BY DEFENDANT JAMES "JIMMY" HARDY 40 U.S.C. § 1983 AND THE RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT

37.

Each and every paragraph set forth above is adopted and incorporated by reference herein.

38.

Defendant Hardy knew or should have known that placing a snake within the immediate vicinity of Mr. Cepull would reasonably offend and likely cause immediate fear and apprehension of death or great bodily harm. Despite this knowledge, Defendant Hardy still participated in activity intended to torture Mr. Cepull for their own amusement.

39.

Defendant Hardy had or should have had subjective knowledge of a risk of serious harm and possible death to Mr. Cepull by intentionally placing a snake within his immediate vicinity.

40.

Defendant Hardy conduct was more than merely negligent, it was instead deliberately indifferent, lacking any human compassion for Mr. Cepull's known fear of snakes.

41.

Defendant Hardy acted with gross negligence in participating in and allowing Mr. Cepull to be antagonized by a snake despite his actual knowledge and his announced fear of snakes.

42.

Defendant Hardy provided and availed no medical aid to Mr. Cepull after causing his injuries until the date of his release. Said treatment was so cursory as to amount to no treatment at all and was deliberately indifferent. Said lack of care rises to the level of willful and wanton behavior by Mr. Hardy. Said lack of care violated policies of the Spalding County Jail's and the aforementioned statutes incorporated by reference above. Mr. Hardy was acting under the color of law at all

relevant times as they were required by the Sheriff to follow its policies as well as the state statutes pursuant to their oath of office.

43.

Defendant Hardy violated Mr. Cepull's Eight Amendment right to be free from cruel and unusual punishment by performing the acts that caused Mr. Cepull to needlessly endure pain and suffering. Said conduct actually produced and amounted to "physical torture" and "permanent disablement."

44.

Defendant Hardy continued to violate Mr. Cepull's Eight Amendment right to be free from cruel and unusual punishment by purposely denying and being deliberately indifferent to Mr. Cepulls expressed and visible need for medical treatment after his actions caused Mr. Cepull's injuries which required medical treatment.[2]

45.

Defendant Hardy is not entitled to the defense of immunity. The clearly established contours of those actions which enable a prison and state officials to

---

[2] For clarification to the Defendant, Plaintiff is alleging both cruel and unusual punishment in the form of the actual conduct which caused Mr. Cepull's injuries and also violation of his rights by remaining deliberately indifferent to medical attention Mr. Cepull needed after the initial violation of Mr. Cepull to be free from torture and/or the battery committed by the Defendant.

use the defense of qualified immunity are clearly established via the extensive

Federal Court of Appeals case law concerning prisoner medical needs under 42

U.S.C. § 1983. Given the facts, reasoning, and holdings of these cases, the

Defendants would understand that what they were doing violated the terms of any

applicable privileged immunity.

## COUNT 2

### VIOLATION BY DEFENDANT KEVIN KING OF 40 U.S.C. § 1983 AND THE RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT

46.

Each and every paragraph set forth above is adopted and incorporated by

reference herein.

47.

Defendant King knew or should have known that fellow officer Hardy had

placed a snake within the immediate vicinity of Mr. Cepull which would reasonably

offend and likely cause immediate fear and apprehension of death or great bodily

harm. Despite this knowledge, Defendant King still operated the bus carrying Mr.

Cepull.

48.

Defendant King had or should have had subjective knowledge of a risk of serious harm and possible death to Mr. Cepull by operating a vehicle while knowing Defendant Hardy had intentionally placed a snake within his immediate vicinity.

49.

Defendant King's conduct was more than merely negligent, it was instead deliberately indifferent, lacking any human compassion for Mr. Cepull's known fear of snakes.

50.

Defendant King acted with gross negligence in participating in and allowing Mr. Cepull to be antagonized by a snake despite his actual knowledge and his announced fear of snakes.

51.

The care that the Defendant King provided to Mr. Cepull after causing his injuries until the date of his release was so cursory as to amount to no treatment at all and was deliberately indifferent.  Said lack of care rises to the level of willful and wanton behavior by Defendant King. Said lack of care, violated policies of the Spalding County Jail's and the aforementioned statutes incorporated by reference above.  Defendant King was acting under the color of law at all relevant times as they

were required by the Sheriff to follow its policies as well as the state statutes pursuant to their oath of office.

52.

Defendant King violated Mr. Cepull's Eight Amendment right to be free from cruel and unusual punishment by performing the acts that caused Mr. Cepull to needlessly endure pain and suffering. Said conduct actually produced and amounted to "physical torture" and "permanent disablement."

53.

Defendant King continued to violate Mr. Cepull's Eight Amendment right to be free from cruel and unusual punishment by purposely denying and being deliberately indifferent to Mr. Cepulls expressed and visible need for medical treatment after he acted causing Mr. Cepull's injuries which required medical treatment.[3]

54.

Defendant King is not entitled to the defense of immunity. The clearly established contours of those actions which enable a prison and state officials to use the defense of qualified immunity are clearly established via the extensive

---

[3] See footnote 2.

Federal Court of Appeals case law concerning prisoner medical needs under 42 U.S.C. § 1983. Given the facts, reasoning, and holdings of these cases, Defendant King would understand that what they were doing violated the terms of qualified immunity.

## COUNT 3

## VIOLATION OF O.C.G.A. § 42-4-4 BY SHERIFF BEAM

55.

Each and every paragraph set forth above is adopted and incorporated by reference herein.

56.

Defendant Sheriff Beam refusal to provide medical aid to Mr. Cepull violated his rights under O.C.G.A. §42-4-4 (a) (2).

## COUNT 4

## VIOLATION OF O.C.G.A. §42-5-2 BY SPALDING COUNTY AND SPALDING COUNTY BOARD OF COMMISSIONERS

57.

Each and every paragraph set forth above is adopted and incorporated by reference herein.

58.

The refusal of defendants Spalding County and Spalding County Board of Commissioners to "maintain the inmate, furnish him good food, clothing and any needed medical and hospital attention" violates Mr. Cepull's rights under O.C.G.A. § 42-5-2.

## COUNT 5
## VIOLATION OF O.C.G.A. § 9-2-20 BY ALL DEFENDANTS

59.

Each and every paragraph set forth above is adopted and incorporated by reference herein.

60.

The decisions made by Defendants to stop providing medical treatment to Mr. Cepull constitutes a breach of Spalding County's contract with the Georgia Department of Corrections to "provid[e] safe and secure housing for approximately 384 inmates in compliance with all applicable policies and procedures…" and violates Mr. Cepull's rights as intended third-party beneficiary of this contract, pursuant to O.C.G.A. § 9-2-20.

## COUNT 6

## NEGLIGENCE BY DEFENDANTS KING, HARDY, BEAMER and SIKES

61.

Defendants assumed and undertook duties and responsibilities as custodians of Mr. Cepull. In addition to failure to follow Spalding County Sheriff's Policies and/or Spalding County Department Jail Policies. Defendants failed to bring this relationship a reasonable degree of care by at least the following actions or inactions:

1. Negligently and/or maliciously causing Mr. Cepull to suffer personal bodily injury;

2. Negligently and/or maliciously refusing Mr. Cepull access to adequate medical treatment;

3. Failing to follow Spalding County Correctional Institution regarding supervision and treatment of inmates while in custody;

4. Failing to follow Spalding County Correctional Institution regarding access to adequate medical treatment; and

5. Failure to follow policy as it pertains to transportation of inmates.

62.

Defendants breached the duty owed to inmate, Mr. Cepull, because they failed to follow policy in their profession, and failed to exhibit a reasonable degree of skill and care to inmates.

63.

Defendants breached the duty owed to Mr. Cepull by failing to exercise a reasonable degree of care and skill, and such want of care and skill resulted and/or contributed to Mr. Cepull's unnecessary pain and suffering.

64.

As a direct and proximate result of Defendants' conduct, each and every one of them, Mr. Cepull underwent and continues to suffer from excruciating physical and mental pain caused by the Defendants' actions.

65.

All above named Defendants in this count are employees and/or contracted employees of the Georgia Sheriff's Department, Spalding County and/or Spalding County Board of Commissioners, and are considered state actors serving as an extension of the arm of the state.

66.

Defendants' acts or omissions thereof resulted in a violation of Mr. Cepull's Fourteenth Amendment civil rights and as such, there is no right to Immunity under the Eleventh Amendment.

67.

O.C.G.A. § 50-21-23, by operation of law, waives sovereign immunity for the torts of state officers and employees acting within the scope of their employment. As all Defendants were acting within the scope of their employment-the driving force of Mr. Cepull's unnecessary pain and suffering, there is no sovereign Immunity for Defendants.

WHEREFORE, Plaintiff prays as follows:

(1)   Defendants be served in accordance with the requirements of the law;

(2)   That Plaintiff be awarded a fair and reasonable amount of general damages for pain and suffering, both physical and mental;

(3)   That judgment be entered against the Defendant's in favor of the Plaintiffs for special and necessary damages including funeral and burial expenses;

(4)   That judgment be entered against the Defendants in favor of Plaintiffs for any attorney's fees and costs that may be incurred at a future date;

(5)   That judgment be entered against the Defendants in favor of Plaintiff for punitive damages;

(6)   That there be a trial by a jury of twelve persons; and

(7)    That this court grants such other and further relief as it deems fair and

equitable under the circumstances.


This 2nd day of May, 2016.

Respectfully submitted,

_w/e/p W. Bryant Green, III._


_____.

W. Bryant Green, III
Georgia Bar No. 307707
Jonathan M. Broderick
Georgia Bar No. 351459
Attorneys for Plaintiff

Law Office of W. Bryant Green, III, P.C.
303 Peachtree Street NE, Suite 4100
Atlanta, Georgia 30308
(404) 522-5330
(404) 577-0860 fax
bryant@wbgpc.com
jonathan@wbgpc.com

# CERTIFICATE OF SERVICE

This is to certify that I have this date served upon counsel for the opposing party in the foregoing matter a copy of ***PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL*** by email and First Class United States in a properly addressed envelope with adequate postage thereon to:

**SUN S. CHOY, ESQ.**
**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339

This 2nd day of May, 2016.

Respectfully submitted,

_w/e/p W. Bryant Green, III.

_____.
W. Bryant Green, III
Georgia Bar No. 307707
Jonathan M. Broderick
Georgia Bar No. 351459
Attorneys for Plaintiff

Law Office of W. Bryant Green, III, P.C.
303 Peachtree Street NE, Suite 4100
Atlanta, Georgia 30308
(404) 522-5330
(404) 577-0860 fax
bryant@wbgpc.com
jonathan@wbgpc.com